IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID LEE RAUCH, JR. : CIVIL ACTION
:
v. : NO. 10-2779
:
MICHAEL J. ASTRUE, :
Commissioner of Social Security :

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                              APRIL 18, 2011

        Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 11), defendant's response and plaintiff's reply thereto (Doc. Nos. 15 & 16), the court makes the following findings and conclusions:

        1. On September 4, 2007, David Lee Rauch, Jr. ("Rauch") filed applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, alleging an onset date of October 15, 2006. (Tr. 96-102). Throughout the administrative process, including an administrative hearing held on May 18, 2009 before an ALJ, Rauch's claims were denied. (Tr. 13-22; 23-46; 50-59). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Rauch filed his complaint in this court on June 10, 2010. (Tr. 1-5; Doc. No. 1).

        2. In his May 26, 2009 decision, the ALJ concluded, *inter alia*, that: (1) Rauch had severe major depression with psychotic features, anxiety, and substance abuse; (2) his impairments met Listings 12.04 and 12.09; (3) but his alcohol abuse was a contributing factor material to the disability determination[1]; (4) absent alcohol abuse, Rauch's impairments would not meet a listing and he would have the residual functional capacity ("RFC") to perform low stress work requiring only low concentration and involving no complex or detailed job instructions, no interaction with the general public, and only limited interaction with co-workers and supervisors; (5) he would be able to perform work existing in significant numbers in the national economy; and (5) Rauch would not be disabled. (Tr. 16 Findings 3 & 4; 19 Findings 10 - 12; 19 ¶ 2; 21 Finding 15; 22 Finding 16; 22 ¶ 2).[2]

---

[1] After determining that a claimant is disabled and also impaired by substance abuse, the ALJ must decide whether, absent the substance abuse, the claimant would still be disabled (i.e. whether substance abuse was a contributing factor material to the disability determination). If the ALJ concludes that the claimant would not be disabled absent the abuse, benefits will not be awarded to the claimant. 20 C.F.R. §§ 404.1535, 416.935.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

4. Rauch includes a number of contentions intermingled under one heading. After due consideration of all of the arguments and evidence, I find that three of these arguments have merit and cast some doubt on whether the decision of the ALJ is supported by substantial evidence. As a result, and as more fully developed below, this case must be remanded for further consideration.

A. Rauch first contends that the ALJ failed to include in his reasoning the limitations associated with paranoid, borderline, and anti-social personality disorders with which he had been diagnosed by several doctors. See (Tr. 272 & 285 (borderline and antisocial); 293 & 413 (paranoid)). I am not concerned with the ALJ's lack of analysis regarding personality disorders at step two of the sequential analysis since he found Rauch disabled at step three. However, the ALJ would have committed a serious error if he did not consider or include the limitations associated with any credibly established personality disorders when formulating Rauch's RFC absent his alcohol abuse. See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005) (finding that an ALJ must include in her RFC assessment and hypothetical question to the VE all limitations credibly established by medical evidence). Perhaps the ALJ concluded that the RFC limitations he found encompassed any limitations attributable to the personality disorders. However, any finding by the court to this effect would be mere guesswork since the ALJ did not address personality disorders in his decision. Fortunately, the remand procedure allows the ALJ to clarify his reasoning on this point. See Willingham v. Astrue, Civil Action No. 09-2368, 2010 WL 629839, * 8-10 (E.D. Pa., Feb. 17, 2010) (remanding where the ALJ failed to address evidence of personality disorders when evaluating whether claimant's substance abuse was a contributing factor material to the disability determination). Therefore, on remand, the ALJ shall address Rauch's diagnoses of personality disorders and the extent that these impairments create vocational limitations.

B. Rauch also raises two apparent factual mistakes which the ALJ made when formulating his ultimate conclusion that Rauch's alcohol abuse was a contributing factor material to the disability determination.

First, the ALJ discounted the weight given to Dr. Alex Thomas' May 8, 2009 psychiatric impairment questionnaire, in part, because Dr. Thomas "totally ignored claimant's alcohol abuse" in the questionnaire. (Tr. 17 ¶¶ 2-3). However, as noted by Rauch, on the first page of his questionnaire in the five axis diagnosis section, Dr. Thomas lists what appears to be "ETOH and cocaine abuse in full remission" in his Axis I diagnosis. (Tr. 413). Contrary to the ALJ's understanding, Dr. Thomas did consider Rauch's alcohol abuse and determined that it was

in remission. Therefore, Dr. Thomas' assessment presumably lists limitations he believes would remain if Rauch stopped abusing alcohol.

Second, the ALJ provided in his decision that Rauch "admitted that he lost his past jobs due to his poly-substance abuse" and that "[t]he record shows that [Rauch] has been fired from all past jobs because of substance abuse." (Tr. 17 ¶ 4; 20 ¶ 6). The ALJ used these findings to discount the credibility of Rauch's testimony and to bolster his conclusion that absent alcohol abuse, Rauch could work. (Id.). However, the record actually reveals that Rauch consistently testified that he lost his previous jobs due to his depression, not substance abuse. (Tr. 29; 136).

Both of these factual errors damage the ALJ's analysis of whether Rauch's alcohol abuse was a contributing factor material to the disability determination, which is the most important issue in this case. As a result, on remand, the ALJ shall correct any findings based on these two mistakes.

5. After carefully reviewing all of the arguments and evidence, I am unable to determine whether the decision of the ALJ is supported by substantial evidence and whether the ALJ took into account all of Rauch's credible limitations. As a result, this case must be remanded to the ALJ for further consideration.

An appropriate Order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID LEE RAUCH, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-2779 |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

### ORDER

AND NOW, this 18th day of April, 2011, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 11), defendant's response and plaintiff's reply thereto (Doc. Nos. 15 & 16) and having found after careful and independent consideration of the record that I am unable to find that the ALJ's decision is supported by substantial evidence, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

*/s/ Lowell A. Reed, Jr.*
LOWELL A. REED, JR., Sr. J.